UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY WILKERSON,  )
    Plaintiff,  )
  )
  )
vs.  )  No. 15-1467
  )
SALVADORE GODINEZ, et. al.,  )
    Defendants.  )

## MERIT REVIEW ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to amend his complaint [18] and motion to clarify his proposed amended complaint. [19]

### I. BACKGROUND

The Plaintiff, a pro se prisoner, filed an original complaint which was 154 pages complete with exhibits. Plaintiff listed more than 200 Defendants including Illinois Department of Corrections Officials, doctors, officers, Administrative Review Board Members, judges and states attorneys. (Comp., p. 1-2, 13-23). While it is was difficult to interpret Plaintiff's complaint, he mentioned incidents as far back as August of 1993 and various allegations relating to disciplinary tickets, disciplinary hearings, medical care, library time, access to the courts and a variety of other issues.

1

The Court dismissed Plaintiff's complaint as a violation of Federal Rules of Civil Procedure 8, 18 and 20. *See* December 3, 2015 Merit Review Order.  The Court explained to the Plaintiff that any claims pursuant to §1983 were subject to a two year statute of limitations period. *See* December 3, 2015 Merit Review Order, p. 1-2 *citing Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).  In addition, Plaintiff was advised he could not combine unrelated claims against different defendants in one lawsuit. *See* December 3, 2015 Merit Review Order, p. 2.   Plaintiff was further admonished it was not enough to simply list all intended Defendants without explaining how each was involved in his claims.  *See* December 3, 2015 Merit Review Order, p. 2.

Therefore, the Plaintiff was given additional time to file an amended complaint clarifying his claims and specific instructions to follow.

> The amended complaint must stand complete on its own and must not make reference to the original complaint.  Plaintiff must provide a BRIEF statement of his claims in numbered paragraphs. For each claim, the Plaintiff must state which specific defendant was involved, what specifically the defendant did and the date of the incident or a very specific time frame such as the week, month and year.  Plaintiff must not include exhibits, but should instead state his claims in the body of his complaint.
> December 3, 2015 Merit Review Order, p. 2-3.

Plaintiff was directed to file his proposed amended complaint on or before December 24, 2015.  However, after the deadline, Plaintiff filed a motion asking for an additional 90 to 120 days to file his amended complaint. [8]   The Court

noted Plaintiff was an experienced litigator. *See Wilkerson v Haabs*, Case No. 10-1067; *Wilkerson v Peters*, Case No. 94-1008; *Wilkerson v Peters*, Case #94-1019; *Wilkerson v Peters*, Case No. 95-1278; *Wilkerson v Mote*, Case No. 03-1217 in the Central District of Illinois. Therefore, the Court found Plaintiff's request for an additional three to four months was excessive. The Court instead allowed Plaintiff an additional 21 days. Plaintiff was again admonished if he did not file an amended complaint in compliance with the Court's order on or before March 11, 2016, his case would be dismissed. *See* February 18, 2016 Text Order.

Plaintiff then filed a letter with the Court asking for an extension of time. [11] Plaintiff claimed he was not receiving adequate law library time. However, Plaintiff did not say why he needed additional time in the law library. Plaintiff was reminded he should provide only a short and plain statement of his claims in compliance with the Court's December 3, 2015 order. The Court noted it would allow Plaintiff "one FINAL extension of time," and if he did not file his proposed amended complaint on or before April 28, 2016, his case would be dismissed. April 14, 2016 Text Order. Plaintiff was further admonished he must not send letters to the Court, but could file motions. The Court noted it would strike any further letters. *See* April 14, 2016 Text Order.

Six days later, Plaintiff filed a letter which was stricken by the Court. [12]. Plaintiff was again reminded he must file motions specifically stating what relief he was requesting. *See* April 20, 2016 Text Order.

Plaintiff responded with another motion for additional time to comply with the Court's order. [13] This time Plaintiff claimed he could not comply with the deadline due to eye problems. The Court allowed 14 additional days, but noted Plaintiff had been allowed four months to comply with the Court's December 3, 2015 order. Therefore, if Plaintiff failed to file his proposed complaint on or before May 11, 2016, his case would be dismissed. *See* April 27, 2016 Text Order.

One day after the deadline, Plaintiff filed a motion for an enlargement of time and motion for appointment of counsel.[14] Plaintiff continued to complain of eye problems, but the Court noted he had demonstrated an ability to file multiple motions. Plaintiff was admonished if he did not file his complaint on or before May 24, 2016, his case would be dismissed. *See* May 13, 2016 Text Order.

One day after the deadline, Plaintiff filed another motion for additional time [15] followed by a motion for production of documents.[16] Plaintiff stated he did not receive the Court's last order until one day before the May 24, 2016 deadline, and therefore he was unable to comply. The Court again noted Plaintiff was an experienced litigator who was allowed months to comply with the Court's order. "The Plaintiff MUST file his amended complaint on or before June 21, 2016 or his

case WILL be dismissed with prejudice. A copy of this order is to be faxed to the litigation coordinator at Plaintiff's facility to insure receipt by the Plaitniff." June 7, 2016 Text Order.  Plaintiff's motion for production of documents was denied as Plaintiff was not in the discovery phase of his litigation.

   Plaintiff has now filed a motion for leave to amend his complaint. [18]  Six days later, Plaintiff filed a motion to clarify his pleading.[19]   The motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [18]  However, Plaintiff's motion to clarify is denied. [19]   The Court does not allow piecemeal amendments in order to avoid confusion over claims and Defendants.  In addition, Plaintiff's amended complaint is a 79 page, single spaced document in extremely faint print which is very difficult to read.  Plaintiff has identified approximately 80 Defendants.

   After having six months to comply, Plaintiff has wholly ignored the directions in the Court's December 3, 2015 Merit Review Order.  Plaintiff again refers to several events which occurred as far back as 2001.  Plaintiff also continues to combine unrelated claims against unrelated Defendants.  In addition, "[i]t is well-settled that a state prosecuting attorney is absolutely immune from suit under §1983 for those activities 'intimately associated with the judicial phase of the criminal process.'  A state's attorney's decision whether to pursue a criminal charge is such activity, and is the quintessential activity protected by the doctrine

5

of prosecutorial immunity." *Holm v Village of Coal City*, 2007 WL 495284 at 6 (N.D. Ill. Feb. 13, 2007) *quoting Imbler v Pachtman,* 424, 409, 427 (1976). Therefore, the Court will dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted, failure to follow Court orders, and a violation of Federal Rules of Civil Procedure 8, 18 and 20.

 Arguably, the Plaintiff should not be allowed any additional opportunity to file an amended complaint given his disregard for the Court's previous orders and the length of time he was allowed to file an amended complaint. Given the rambling nature of Plaintiff's complaint and difficulty in reading the print, it is very difficult to discern if Plaintiff has adequately stated *any* claims.  Nonetheless, Plaintiff will be given an additional 21 days to file his final motion for leave to amend with a complete, proposed amended complaint attached**.  Plaintiff is admonished if his amended complaint is not received within 21 days, his case will be dismissed with prejudice.  The Court will not allow further extensions of time.**

 Plaintiff must also follow these specific instructions:

 1) Plaintiff must provide a complaint in dark, legible print.

 2) The amended complaint musts contain a list of Defendants.

 3) The rest of the amended complaint MUST include ONLY numbered paragraphs, and each numbered paragraph must include a short statement of

ONE intended claim. The paragraph should state the date of the claim, who was involved and when it occurred.

4) Plaintiff must limit his claims to those which fall with the two year statute of limitations. In other words, events which occurred within two years of filing his complaint on November 18, 2015, or events which fit the limited exceptions to the two year statute of limitations period. *See* Fed.R.Civ.P. 15(c)(1).

4) Plaintiff musts NOT include unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

If the Plaintiff does not file his proposed amended complaint on or before the deadline

his case will be dismissed. If Plaintiff does not follow the Court's directions, his case will be dismissed. If Plaintiff continues to combine unrelated claims, the Court will consider the first claim alleged. If the first claim is outside the two year statute of limitations period and is not related to any other claim or Defendant, the entire lawsuit will be dismissed.

"[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996).

However, the Plaintiff is cautioned "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard,* 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies). Therefore, Plaintiff is cautioned he MUST follow the directions of the Court in his amended complaint. *See Wilson v. Bruce*, 2010 WL 4467866 at 2 (7th Cir. Nov. 9, 2010)("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not include license to disregard the court's orders.").

   IT IS THEREFORE ORDERED that:

   1) Plaintiff's motion for leave to file an amended complaint is granted. [18] The motion to clarify his amended complaint is denied.[19]

   2) Plaintiff's amended complaint is dismissed for failure to follow court orders, failure to clearly state a claim upon which relief can be granted, and a violation of Federal Rules of Civil Procedure 8, 18 and 20.

3) The Court will allow the Plaintiff one opportunity to file an amended complaint. The amended complaint must be filed within 21 days of this order or on or before **November 23, 2016**. No further motions for additional time will be granted. If Plaintiff does not file his amended complaint by the deadline or does not follow the Court's specific directions, his case will be dismissed with prejudice.

4) The Clerk of the Court is to provide the Plaintiff with a blank complaint form to assist him. Plaintiff MUST including his case number, 15-1467, on his amended complaint.

5) The Clerk of the Court is to reset the internal merit review deadline for 25 days from this order.

ENTERED this 2nd day of November, 2016.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE